**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VB DEVELOPMENT CORP.,<br>Defendant. | Civil No. 26-cv-1656<br>**COMPLAINT** |

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges:

## I. NATURE OF THE ACTION

1. This is a civil action under Section 104(e) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9604(e). The United States seeks an order in aid of immediate access to property owned by Defendant to perform a cleanup of hazardous substances found there. The property at issue (the "Property") is located in the Municipality of Manati, Puerto Rico.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under Sections 104(e) and 113(b) of CERCLA, 42 U.S.C. §§ 9604(e) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. This Court has personal jurisdiction over Defendant because it is located in this District.

4. Venue is proper in this judicial district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) because the release of hazardous substances giving rise to this claim occurred and is occurring in this district, and Defendant is located within this district.

## III. THE DEFENDANT

5. Defendant is a for-profit corporation, is organized and authorized to do business under the laws of the Commonwealth of Puerto Rico, and is registered with the Puerto Rico Department of State, Corporation Registry (Registry No. 143232). Defendant has a designated service address of Carretera 687 Km. 0.7, Barrio Tortuguero, Vega Baja, Puerto Rico or Cond. Pisos Reales, Edificio 4 Apt 301, Vega Baja, Puerto Rico, 00693, while the postal address is P.O. Box 193057, San Juan, Puerto Rico, 00919-3057. Defendant is the current and sole owner of the Property. The Defendant's President, resident agent, and principal stockholder and/or sole owner is Reinaldo L. Chipi-Casas.

## IV. STATUTORY BACKGROUND

6. Section 104(a)(1) of CERCLA provides that when a hazardous substance is released, or there is a threat of a release of a hazardous substance, into the environment, the President is authorized to remove, or arrange for the removal of, and to provide for remedial action relating to such hazardous substance as the President deems necessary to protect public health, public welfare, and the environment. 42 U.S.C. § 9604(a)(1).

7. Section 104(e)(1) and (e)(3)(D) of CERCLA authorizes any officer, employee, or representative of the President to enter any facility, establishment, property, place, or location where entry is needed to effectuate a Section 104 response action. 42 U.S.C. § 9604(e)(1), (e)(3)(D).

8. Section 104(e)(5)(A) of CERCLA addresses the making of requests, by the President's officers, employees, or representatives, for entry for access under Section 104(e)(3). 42 U.S.C. § 9604(e)(5)(A).

9. Section 104(e)(5)(B) of CERCLA authorizes the President to ask the Attorney General to commence a civil action to compel compliance with a request for access made under Section 104(e)(5)(A). 42 U.S.C. § 9604(E)(5)(B).

10. The President's authority under Section 104 has been delegated to EPA by Executive Order No. 12580. This authority was further delegated to the EPA Regional Administrators by EPA Delegation No. 14-6 and re-delegated to the Director of EPA Region 2's Superfund and Emergency Response Division by Regional Delegation No. R-1200 (November 23, 2004).

11. Section 104(e)(5)(B) of CERCLA provides that, where there is a reasonable basis to believe that there may be a release or threat of release of a hazardous substance or pollutant or contaminant, the Court shall enjoin interference with entry, unless the demand for entry is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 9604(e)(5)(B).

## V. FACTUAL BACKGROUND

12. The Property at issue in this matter is located in the Municipality of Manati, Puerto Rico. It is described in Puerto Rico's property records with the coordinates of latitude 18.428337 and longitude -66.457561, is referred to as Parcel No. 056-000-004-47, and has a street address of Coto Norte, Carr. 670 km. 3.8, Manati, Puerto Rico.

13. The Property comprises 7.287 acres, is undeveloped except for a dirt road, and contains overgrown vegetation.

14. The Property is bounded to the north by an undeveloped, heavily vegetated property, to the east by a residential neighborhood, to the south by a parcel owned by the Land Authority of Puerto Rico ("Land Authority"), and to the west by a mostly undeveloped area with a single residential unit.

**EPA Cleanups Selected for the Land Authority's and Defendant's Properties**

15. The Land Authority's parcel comprises about two acres and includes a main warehouse, a smaller warehouse, and a small shed. From about 1954 to 2003, the Land Authority stored and prepared insecticides, herbicides, and fertilizers at its facility. As a result of these operations, the soils at and groundwater beneath the Land Authority's facility became contaminated with hazardous substances. Hazardous substances spilled and disposed of at the Land Authority's facility also migrated to and contaminated the soils at and groundwater beneath Defendant's Property.

16. In 1996, EPA conducted an initial Site Investigation to determine the nature and extent of the contamination at the Land Authority's facility and Defendant's Property. The Site Investigation revealed spilled materials throughout the warehouse and stained surface soils throughout both properties. The Site Investigation indicated that the soils at, and groundwater beneath, both properties are contaminated with hazardous substances, including dioxins and pesticides such as aldrin, dieldrin, and toxaphene. Each of these is a "hazardous substance" within the meaning of Section 101(14) of CERCLA and 40 C.F.R. § 302.4(a).

17. In 2003, EPA added the Land Authority's facility and Defendant's Property to the Superfund program's National Priorities List in April 2003, grouping and naming them together as the Pesticide Warehouse III Superfund Site ("Site"). 68 Fed. Reg. 23080 (Apr. 30, 2003).

18. EPA later concluded that the complexity of the hydrogeology at the Site required that the investigation and remediation of the Site should be addressed in two separate Operable Units, or "OUs." EPA refers to the soils contamination at the Site's two properties as "Operable Unit 1" ("OU1") and the groundwater contamination under the two properties as "OU2."

19. In 2009, EPA performed a Remedial Investigation regarding the Site's soils. In 2015, EPA issued a Record of Decision in which it determined that a cleanup was needed for the Site's soils and selected the soils cleanup measures ("OU1 ROD").

20. From 2011 to 2017, EPA performed a Remedial Investigation regarding the Site's groundwater. In 2019, EPA issued a second Record of Decision in which it determined that a cleanup was needed for the groundwater and selected the groundwater cleanup measures ("OU2 ROD").

21. The remedial work selected under the two RODs will include the following activities at the Property:

- Mobilization of construction equipment and materials;
- Site surveys;
- Construction and maintenance of temporary soil erosion and sediment control measures;
- Clearing and grubbing of overgrown vegetation;
- Pre-remedial action sampling to further delineate extent of contamination;
- Construction of staging area and temporary facilities;
- Construction of stockpile, stormwater treatment, and soil treatment areas;
- Excavation of contaminated soil and waste characterization;
- Post-excavation sampling and analysis;
- Backfill with clean soil and compaction of excavated areas;
- Construction of on-site thermal treatment system;

- Operation of on-site, ex-situ thermal remediation of characteristic hazardous soils;
- Off-site disposal of excavated and treated soil;
- Site restoration, including construction of recharge basins, site grading, and revegetation;
- Demobilization activities related to the above-referenced response activities;
- One year of inspection and maintenance;
- Groundwater sampling activities at existing monitoring wells, and
- Written and photographic documentation of construction and sampling activities.

22. EPA estimates that the cleanup activities through demobilization will take approximately two and a half years and that the monitoring activities will take at least five additional years, for a total of at least seven and a half years.

**EPA's Requests for Access**

23. According to Puerto Rico's Property Registry, Manati Section, the Defendant bought the Property in 2007 and it remains the current owner of the Property.

24. The Defendant's President, resident agent, and principal stockholder and/or sole owner is Reinaldo L. Chipi-Casas.

25. From March 2025 through July 2025, EPA contacted Mr. Chipi-Casas numerous times, on some occasions directly and on other occasions through his counsel, requesting that he consent to grant EPA access to the Property for the purpose of implementing EPA's selected remedial actions.

26. Despite these efforts, Mr. Chipi-Casas has never consented to grant EPA access. On July 9, 2025, Mr. Chipi-Casas's counsel informed EPA that his client would not consent to EPA's request for access.

27. On three occasions during September 2026, counsel for the U.S. Department of Justice called and left messages for the attorney representing Mr. Chipi-Casas informing the attorney that the Department of Justice was preparing to file a complaint seeking a judicial order in aid of access, inviting Mr. Chipi-Casas to enter into a voluntary access agreement, and requesting that the attorney return the calls. Mr. Chipi-Casas's attorney did not return any of the calls.

28. The Defendant's refusal, through its representative, Mr. Chipi-Casas, to grant EPA access to the Property, commencing in March 2025, has prevented EPA from performing the selected remedial actions at the Property.

## VI. CLAIM FOR RELIEF

29. There is a reasonable basis to believe that there may be a release or threat of a release of hazardous substances within the meaning of Section 101(14), 42 U.S.C. § 9601(14), of CERCLA at the Property. In fact, there have been releases of hazardous substances such as pesticides and dioxins at the Property.

30. EPA has selected remedial actions under Section 104 of CERCLA to address the hazardous substances found to be present at the Property.

31. EPA requires access to the Property to implement its Section 104 remedial actions.

32. EPA is authorized under Section 104(e)(3)(D) of CERCLA to enter the Property to perform the Section 104 remedial actions.

33. Defendant is the owner of the Property.

34. EPA requested that Defendant's authorized representative grant access to the Property for the purpose of implementing the Section 104 remedial actions, but Defendant, through its representative, has refused EPA's requests.

35. EPA's requests for access to Defendant's Property are not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

36. In accordance with CERCLA Section 104(e)(5)(B), 42 U.S.C. § 9604(e)(5)(B), the Court should enter an Order in Aid of Immediate Access compelling compliance with EPA's request and order that EPA, and its representatives, shall be allowed to enter the Property at reasonable times for the purpose of performing any and all CERCLA response activities.

## VII. RELIEF REQUESTED

WHEREFORE, the United States of America respectfully requests that this Court:

1. Issue an order granting EPA and its employees, officers, and/or designated representatives immediate access to the Property for the duration of EPA's performance of the remediation and monitoring activities selected in EPA's two RODs, including the activities listed in Paragraph 22, which are estimated to require at least seven and a half years.

2. Enjoin Defendant and its agents, employees, or representatives from obstructing, impeding, or otherwise interfering with access to the Property by EPA and its officers, employees, and/or designated representatives for the purpose of implementing the Section 104 remedial actions or otherwise enforcing CERCLA's provisions.

3. Award to the United States the costs of this action; and

4. Grant such other relief as this Court deems appropriate.

Respectfully submitted, in San Juan, Puerto Rico, this 14th day of October 2026.

**FOR THE UNITED STATES**:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy and Natural Resources Division

MARK GALLAGHER
Senior Attorney
USDC-PR No. G03317
U.S. Department of Justice
Energy and Natural Resources Division
Environmental Enforcement Section
Washington, DC 20044-7611
(202) 532-3321
mark.gallagher@usdoj.gov

HÉCTOR RAMÍREZ-CARBÓ
Acting United States Attorney

*s/ Rafael J. López-Rivera*
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
(787) 766-5656
rafael.j.lopez@usdoj.gov

**OF COUNSEL**:

SARENA MALSIN
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, New York 10007